# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs July 23, 2013

## STATE OF TENNESSEE v. ANTHONY D. MATHIS

**Direct Appeal from the Criminal Court for Washington County**
**No. 32058     Lynn W. Brown, Judge**

---

**No. E2013-00284-CCA-R3-CD - Filed August 15, 2013**

---

The defendant, Anthony D. Mathis, appeals the sentencing decision of the Washington County Criminal Court revoking his probationary sentence. The defendant pled guilty to facilitation of the possession of a Schedule II controlled substance for resale, a Class C felony, and was sentenced, as a Range II offender, to six years. However, the trial court suspended the sentence and ordered the defendant to serve eight years probation. Thereafter, a violation report was filed charging the defendant with multiple violations of the terms and conditions of his probation. Following a hearing, the trial court found that the defendant had left the county without permission in violation of the probationary agreement. The court revoked the defendant's probation and ordered him to serve the six-year sentence. On appeal, the defendant contends that the court erred in that revocation. Following review of the record, we find no error and affirm the revocation of probation.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and JEFFREY S. BIVINS, JJ., joined.

J. Liddell Kirk, Knoxville, Tennessee (on appeal) and David Crockett, Elizabethton, Tennessee, (at trial), for the appellant, Anthony D. Mathis.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Tony Clark, District Attorney General; and Janet Hardin, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Procedural History and Factual Background

On May 4, 2007, the defendant pled guilty to facilitation of the possession of a

Schedule II controlled substance for resale and was sentenced by the Washington County Criminal Court as a Range II offender to six years. The court suspended the defendant's sentence and placed him on supervised probation for eight years. According to Amanda Salyers, with the Department of Probation and Parole, she had supervised the defendant since February of 2010. She noted that the defendant had originally been placed on probation in 2007 in Washington County. Thereafter, the defendant received permission to have his probation transferred to Florida, then later back to Bradley County in Tennessee, before being transferred to Monroe County.

In April 2010, Ms. Salyers filed a violation warrant against the defendant alleging that he had been charged with aggravated domestic assault and possession of a firearm by a felon in Monroe County. A week after the first offense, the defendant was arrested in Knox County for aggravated assault and aggravated arson. Both of the offenses were committed against the same victim, the defendant's then-girlfriend. On October 6, 2010, an order was entered whereby the defendant's probation was revoked. However, the trial court reinstated the defendant to probation but ordered that the eight-year probationary sentence begin anew. Included within the order was a notation that the defendant was to immediately report to his probation officer, Ms. Salyers, upon release.

During this period of time, the defendant was apparently incarcerated in the Knox County jail for the charges pending there. However, at some point, he was released on bond. Ms. Salyers testified at the probation revocation hearing that a hold was to have been placed on the defendant, but it was not done, and the defendant was released. She testified that she learned of this when the victim in the initial assault called and informed her that the defendant was calling and threatening her with bodily harm. She worked with Knoxville police officers in trying to locate the defendant. The defendant was found on November 18, 2010, in Chattanooga onboard a Greyhound bus traveling to Florida. Ms. Salyers testified that the defendant did not have permission to leave the county of his probation and had not reported to her since April of 2010. She issued a second violation warrant, the subject of this appeal, charging that the defendant had violated his probation by leaving the county of his probation without permission, failing to contact her as ordered by the court, and contacting and threatening the victim.

At the probation violation hearing held before the trial court on December 14, 2011, Ms. Salyers testified as stated above and attempted to detail the rather complicated history of the case. Detective Travis Kincaid of the Knoxville Police Department also testified. He testified that he was the investigating officer in the case in which the defendant was charged with aggravated assault and aggravated arson. The defendant was eventually arrested for the April 25, 2010 crimes. Although the time-frame of events is not entirely clear from the record, at some point, Detective Kincaid became aware that the defendant had been erroneously released on bond. He testified that he spoke with both Ms. Salyers and the

victim of the crime about the threats made by the defendant to the victim. Detective Kincaid worked with the Tennessee Highway Patrol, and the defendant was eventually found in Chattanooga onboard a bus bound for Florida.

The defendant also testified at the hearing. According to the defendant's version of events, he had been incarcerated continuously since October 6, 2010. He stated that, during this period, he had been transferred multiple times between the Knox County, Monroe County, and Washington County jails but that he had never been released from custody. Thus, he could not report to his probation officer as ordered. The defendant also testified that he had not been onboard the bus in Chattanooga on November 18, 2010. He testified that he was incarcerated in the Monroe County Jail on that date.

Because the State did not have the jail records at the hearing, the trial court continued the hearing in order to allow the State to assemble records to determine if the defendant had in fact been incarcerated for the entire time. When the hearing was resumed, the State provided documentation from the Monroe County Sheriff's Department stating that the defendant had been released from custody on September 21, 2010. The State also produced a report from the Tennessee Highway Patrol stating that troopers had apprehended the defendant at the Greyhound bus station on November 18, 2010.

After hearing the evidence presented, the trial court found the defendant had violated the terms and conditions of his probation by leaving the county without permission. The court revoked the defendant's probation and ordered the defendant to serve his original six-year sentence in incarceration. The defendant now appeals the revocation.

**Analysis**

On appeal, the defendant contends that the trial court erred by revoking his probation. A trial court may revoke probation and order the imposition of the original sentence upon a finding by a preponderance of the evidence that the defendant has violated a condition of his or her probation. T.C.A. §§ 40-35-310, -311 (2010); *State v. Kendrick*, 178 S.W.3d 734, 738 (Tenn. Crim. App. 2005) (citing *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991)). On appeal, this court will not disturb the trial court's ruling absent an abuse of discretion. *State v. Shaffer*, 45 S.W.3d 553, 554 (Tenn. 2001) (citing *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991)). To establish an abuse of discretion, the defendant must show that there is no substantial evidence in the record to support the trial court's determination regarding the probation violation. *Id*. Proof of a violation does not need to be established beyond a reasonable doubt. *State v. Milton*, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984). Rather, if the trial court finds by a preponderance of the evidence that a violation has occurred, the court may revoke the probation and suspension of the sentence. T.C.A. § 40-35-311(e). In a probation revocation hearing, the credibility of witnesses is to be determined

by the trial court. *Mitchell*, 810 S.W.2d at 735.

Once the trial court has determined a violation of probation has occurred, it retains the discretionary authority to order the defendant to: (1) serve his or her sentence in incarceration; (2) serve the probationary term, beginning anew; or (3) serve a probationary period that is extended for up to an additional two years. *State v. Hunter*, 1 S.W.3d 643, 647 (Tenn. 1999); *see also*, T.C.A. § 40-35-308, -310, -311. The determination of the proper consequence of the probation violation embodies a separate exercise of discretion. *State v. Reams*, 265 S.W.3d 423, 430 (Tenn. Crim. App. 2007).

In finding that the defendant had committed a violation, the trial court made the following statement on the record:

> Well, the indication was you may have some problems, or the Knox County prosecutor may have some problems with that arson case, but that's not particularly relevant. It appears that he - - he was out of the county. He was trying to leave the state. And Officer Kincaid from the police department in Knoxville was - - was very believable about the car blown up, building scorched and such. It appears he's violated probation.

The defendant and the State both assert that this statement means that the trial court considered the defendant to be outside of the county twice, on April 25 to commit the arson and assault and on November 18 in Chattanooga. The defendant presents various arguments regarding the trial court's consideration of the April 25 incident. However, we need not address those arguments, as our reading of that statement leads us to conclude that the trial court found that the defendant had violated probation only by being in Chattanooga in November. Regardless, even if the defendant's arguments had merit with regard to the April 25 incident, the November incident would still support revocation if established.

The defendant's argument with regard to the Chattanooga violation is based upon the lack of clarity and abundance of confusion in the record caused by the multiple convictions in multiple counties and transfers of the defendant between the various jails. He contends that:

> [t]he facts as presented by the State at the revocation hearing in this case leave too many unanswered questions and present too little evidence for the trial court to reasonably conclude by a preponderance of the evidence that the Defendant was on a bus in Chattanooga on November 18, 2010, in violation of the October 6, 2010 probation order, or that the Defendant was ever not in custody between October 6, 2010 and November 19, 2010.

While we do agree with the defendant that the record lacks clarity with regard to various periods of time, we cannot accept the argument that the record is not clear that the defendant was in Chattanooga on a Greyhound bus bound for Florida.

While the defendant contends that there is not enough evidence to establish that he was on the bus in Chattanooga, that argument is based mostly upon his own testimony that he was not there. Though not present when the defendant was apprehended, both Ms. Salyers and Detective Kincaid were both aware of the circumstances under which that happened and offered testimony as such. Moreover, the State presented a statement from the Tennessee Highway Patrol indicating that officers had in fact removed the defendant from a bus on that day. Ms. Salyers testified that the defendant did not have permission to travel to Florida on the day he was apprehended on the bus. As such, the record in this case supports the trial court's finding that the defendant had violated the terms and conditions of his probationary sentence by leaving the county without permission. After finding that a violation had occurred, the trial court was statutorily authorized to revoke the sentence and order the balance of the original sentence to be served in confinement. No abuse of discretion is apparent on this record.

## CONCLUSION

Based upon the foregoing, the revocation of probation is affirmed.

_____

JOHN EVERETT WILLIAMS, JUDGE